**BROWN et al. v. UNITED STATES.**

Circuit Court of Appeals, Eighth Circuit.
June 13, 1928.

No. 8004.

1. **Insane persons** ⊚⇒29—Order restoring Indian to competency held apparently void on its face under state statute (Rev. Laws Okl. 1910, §§ 6189, 6541).

Order restoring competency of Indian without the proceedings required by Rev. Laws Okl. 1910, §§ 6189, 6541, having been taken, or any finding made that Indian was of sound mind and capable of caring for her property, *held* apparently void on its face.

2. **Indians** ⊚⇒15(1)—Indian's trust deed, with purported approval of court, and trustees' reconveyance without restriction, did not remove restrictions on alienation of property (Act May 27, 1908, § 9 [35 Stat. 315]).

Indian's trust deed of property, with purported approval of probate court, as required by Act May 27, 1908, § 9 (35 Stat. 315), and trustees' reconveyance without restriction, did not operate to remove restrictions on Indian's right of alienation.

3. **Indians** ⊚⇒15(1)—Indian's deed held governed by statute in force when it was executed, rather than amendatory statute effective at time of trial (Act May 27, 1908 [35 Stat. 312]; Act April 10, 1926 [44 Stat. 239]).

Indian's deed of property, made without approval of probate court, on April 5, 1926, *held* governed by Act May 27, 1908 (35 Stat. 312), and not by Act April 10, 1926 (44 Stat. 239), effective at time of trial.

4. **Indians** ⊚⇒15(1)—United States could maintain suit to cancel Indian's conveyance, made without approval of probate court (Act May 27, 1908, § 6 [35 Stat. 313]).

United States *held* authorized, under Act May 27, 1908, § 6 (35 Stat. 313), to maintain suit to cancel Indian's deed of property, made without approval of probate court, as required by Act May 27, 1908, § 9 (35 Stat. 315).

Appeal from the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit by the United States against S. W. Brown, Jr., and another. Decree for the United States, and defendants appeal. Affirmed.

A. M. Beets and Beets, Wetzel & Marlin, all of Oklahoma City, Okl. (Walter Marlin, of Oklahoma City, Okl., on the brief), for appellants.

Louis N. Stivers, Asst. U. S. Atty., of Tulsa, Okl.

Before LEWIS, Circuit Judge, and SCOTT and DAVIS, District Judges.

LEWIS, Circuit Judge. This appeal is from a decree which cancelled a trust deed given on April 5, 1926, by Wosey Deere, née John, to appellants, Brown and Replogle, conveying to them in trust for a term of 21 years 160 acres of land in Creek County, Oklahoma. The deed also purported to convey without specific description all other real property owned by the grantor and all funds held for her by the Department of the Interior and all claims and choses in action which she might have against whomsoever. Brown and Replogle were to have full charge and management of the property conveyed. They were given power of disposal of any or all of it, and were to invest the principal and interest in safe and sound securities. They were each to have for their services $5,000 per annum, to be increased as the trust estate increased, and to have their actual and necessary expenses. They were to employ an attorney at an annual salary not to exceed $5,000, to be increased as the trust estate increased, and he was to be paid his expenses. They bound themselves to pay the grantor the sum of $500 each month for living expenses so long as the income from the real and personal property justified the payment of that amount and such additional sum as might be agreed upon between them and the grantor. They were not to be liable to her in the management of the trust estate if they exercised the care and prudence consistent with the operation of said estate. The property was to be conveyed back at the end of the trust period, unless that should be done earlier by agreement of the parties. This suit was brought within six months after the deed was executed.

Wosey Deere is a full-blood Creek Indian, and as such received an allotment of 160 acres under the Act of March 1, 1901, 31 Stat. 861. She had also purchased with restricted funds on consent of the Secretary of the Interior 7½ acres, the deed therefor containing a clause against alienation without approval by the Secretary. The said 160 acres and the 7½ acres were not specifically described in the trust deed and defendants in their answer disclaimed as to both of those tracts. They make no disclaimer as to the 160 acres described in the deed as S. W. ¼ Sec. 9, Tp. 18, R. 7; nor as to the funds in the hands of the Secretary, alleged in the complaint to amount to $445,875.51. Those are the properties which the grantor attempted to convey by specific description and to which our attention is confined, it being claimed by appellants that the conveyance in that respect is a valid one.

The whole case was made by allegations and admissions in the pleadings and by copies of public records attached as exhibits, so that the only issue was one of law raised by plaintiff's motion for judgment on the pleadings, on which defendants joined issue ore tenus; and that issue was decided for plaintiff below and is now presented here.

These are the facts: The 160 acres described in the deed to Brown and Replogle was alloted to Sakquanny Long, a full-blood Creek Indian enrolled opposite No. 5822, and the funds in the hands of the Secretary are accumulated royalties on oil produced from that allotment. He died intestate leaving as his sole and only heir Melinda Tiger, a full-blood Creek Indian enrolled opposite No. 5824. She died intestate leaving as her sole and only heir said Wosey Deere, née John, a full-blood Creek Indian enrolled opposite No. 9546, who thus became owner of the Sakquanny Long allotment by inheritance.

Appellants say in their answer the 160 acres allotted to Sakquanny Long was not "restricted or inalienable after the same descended to and became the property of Wosey Deere, née John, or has been restricted since that time, for the reason that under the Act of Congress of May 27, 1908 (35 Stat. 312), the death of the said Sakquanny Long removed the restriction on the allotted lands against alienation and authorized and permitted alienation of said lands by the heir, subject only to the approval of the transfer by the county judge having jurisdiction over the estate of the deceased allottee." They do not claim that the trust deed to Brown and Replogle was approved by the county judge—it was not; but they allege that Wosey Deere on January 6, 1923, conveyed said 160 acres in trust to Ward and Grayson for a term of seven years, and that conveyance was approved by the county court of Creek County, which had jurisdiction over the estates of Melinda Tiger and Sakquanny Long; that the legal title vested in Ward and Grayson with authority to sell and convey the premises, that thereafter Ward and Grayson reconveyed to Wosey

Deere without restrictions and title thereto was reinvested in Wosey Deere subject to alienation by her, and the land was thus freed from restrictions when she conveyed to Brown and Replogle on April 5, 1926. The deed to Ward and Grayson is attached to the answer as an exhibit. It also was a conveyance in trust for the use and benefit of the grantor. It bears date January 6, 1923. Grayson was the principal chief of the Creek Nation and Ward the national attorney. They were to receive no compensation for their services in caring for and managing the grantor's estate while they held their official positions, or like positions. They were not given power to sell and convey the Sakquanny Long allotment. Copies of the petition of Wosey Deere to the county court of Creek County asking that the court approve the conveyance to Ward and Grayson and of the order of approval of that court, are also attached to the answer as exhibits.

The plaintiff below replied to the new matter set up in the answer, and alleged that the trust deed to Ward and Grayson and the order of the county court approving it were void for the reason that at the time of the execution of the deed and its approval by the county court Wosey Deere was an incompetent person and had been so adjudged by an order of said county court; that notwithstanding the said incompetency of Wosey Deere said court, without authority, entered an order, bearing the same date as the date of its order of approval, wherein it attempted to restore the said Wosey Deere to competency; that thereafter, on September 4, 1923, the district court of Creek County, Oklahoma, entered its decree in a cause there pending, entitled Wosey Deere, née John, et al., plaintiffs, vs. A. J. Ward and Washington Grayson, defendants, cancelling and holding for naught all of the proceedings and orders of the county court of Creek County entered of date January 6, 1923, which attempted to restore the competency of Wosey Deere and to approve the trust deed to Ward and Grayson. To the reply are attached as exhibits the order of the county court restoring Wosey Deere to competency, from which it appears she was at that time under guardianship, and the same order discharged the guardian. No fact or reason is found or assigned as the basis of the order, further than a finding that it appeared to the court it would be to the best interest of Wosey Deere that she be restored to competency. The decree of the district court recites that the respective parties offered evidence and thereon the court found:

"That the certain petition to declare said Wosey Deere, née John, competent, filed in the County Court of Creek County, in cause No. 2122 Probate, on the 6th day of January, 1923, and the order of court of the 6th day of January, 1923 (restoring her competency), filed in said probate cause No. 2122 on the 6th day of January, 1923, are void and of no force and effect and did not operate to confer jurisdiction on the County Court of Creek County in said incompetency proceedings. That the trust deed executed on the 6th day of January, 1923, is void and of no force and effect and that H. S. Williams, the County Judge of Creek County, State of Oklahoma, was without authority or jurisdiction to approve said deed, and that the said Wosey Deere, née John, being an incompetent and under guardianship, was without power or authority to execute said trust deed, and that the same should be cancelled and held for naught." The court further found that Ward and Grayson had quit-claimed to Wosey Deere after the action was instituted in the district court.

[1] The ground on which the district court exercised its jurisdiction to vacate and cancel the action of the county court is not expressly stated; nor have we been advised by counsel in arguments or briefs as to their views on the effect of the decree of the district court. We find in the Revised Laws of Oklahoma 1910 that section 6189 gives the county court jurisdiction, and the Judge thereof the power to appoint and remove guardians for infants, insane persons or persons otherwise incompetent, and section 6541 prescribes a special procedure in the county court for the restoration of wards to capacity. It requires a verified petition for that purpose and that a day be set for the hearing, that notice be given to the guardian, notice to the husband or wife of the ward, and notice to the father or mother of the ward, if there be such persons. None of these requirements were met so far as we are advised; and before the restoration order can be made it must be found that the incompetent petitioner be then of sound mind and capable of taking care of himself and his property. On that finding his restoration to capacity shall be adjudged, as the section explicitly says, and the guardianship shall cease. There is no such finding in the order of the county court. The only finding of that court was that it appeared "to the best interest of said Wosey Deere, née John, that she be restored to competency," and thereon it was ordered "that

said Wosey Deere, née John, be and she is hereby restored to competency and full capacity to transact whatever business she may desire, and that her guardian, Fred C. Knapp, be discharged from further duty herein. * * *" The absence of these essential requirements and findings impresses us, as it doubtless did the district court, that the order of restoration was void on its face. The petition of Wosey Deere asking that the deed to Ward and Grayson be approved was filed January 6, 1923, the order of approval of that deed was made on that day and the order purporting to restore Wosey Deere to competency was also made on that day. It does not appear that Wosey Deere ever filed a petition asking that she be restored to competency. The order of restoration recited that one Deichman, United States Probate Attorney, filed such petition, but when filed is not stated and the district court found that it was filed on the day the order of restoration was made. As said, it was not found that Wosey Deere was of sound mind and capable of taking care of her property.

[2] But, for another and independent reason, we think the order of the court approving the deed to Ward and Grayson did not remove the restriction on alienation of the Sakquanny Long allotment. That deed did not convey to Ward and Grayson any beneficial interest in the property. They were to hold the bare legal title. Pending the suit against them in the district court they renounced the trust and returned the property to the real owner. The conveyance to Ward and Grayson was not an absolute alienation, and when the condition on which it was made came to an end a reconveyance to Wosey Deere rendered the situation essentially the same as if the conveyance had never been made. Smith v. McCullough, 270 U. S. 456, 463, 46 S. Ct. 338, 70 L. Ed. 682. The trust could have been as well accomplished by a declaration of trust and putting the trustees in possession, without any conveyance.

Little need be said about the first proviso in section 9 of the Act of May 27, 1908, relied on in the answer. In so far as material here that section reads:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee." 35 Stat. 315.

[3] Wosey Deere is within the terms of the language quoted. It is not seriously contended that she is not. The insistence here is that the section as amended by the Act of April 10, 1926 (44 Stat. 239), should be applied, which, it is argued, retains the restriction only in cases where the inheritance is direct or immediately from the allottee. The point raised is not in this case and we do not pass on it. The deed in question to Brown and Replogle was made prior to the passage of that Act and is governed by the Act of May 27, 1908, as it existed prior to the amendment. The amendment of April 10, 1926, says, "That hereafter no conveyance made by any full blood Indian," etc. Whatever change the amendment made was to become applicable as of the date of the conveyance; that is, the amendment is to be applied to conveyances made thereafter.

[4] There having been no approval by the Probate Court of the deed to Brown and Replogle the last paragraph of section 6 of the Act of May 27, 1908 (35 Stat. 313), refutes the insistence that the United States cannot maintain this suit.

Affirmed.